Juan A. CASTILLO, Plaintiff,

v.

SMART PRODUCTS, INC., Defendant.

Civ. No. 180-68.

United States District Court
D. Puerto Rico.

Sept. 24, 1968.

---

3. "Swing Time in the Rockies," and "Goodman Swing."

4. "Jam Session," "Goodman Swing," and "House Hop."

In the answer to the complaint the defendant admitted having granted to plaintiff the exclusive distribution in all the, territory of Puerto Rico of the commercial items described by plaintiff; denied having terminated the relationship established with plaintiff under the agreement entered into by them; alleged affirmatively that it was plaintiff himself who refused to continue said relationship and who terminated the same; and included a counterclaim against plaintiff in the amount of $15,000.00 on the ground that plaintiff's unwarranted and uncalled for termination of the distributorship agreement between them had caused damages to the counterclaimant in said amount.

On August 2, 1968 plaintiff filed a motion to dismiss the counterclaim on the ground that the same fails to state a claim upon which relief can be granted to the counterclaimant. The motion came up for argument on August 23, 1968 and at that time counsel for the plaintiff and for the defendant were heard in support and against the motion to dismiss, respectively.

Reduced to its simplest terms, plaintiff's contention is that the counterclaim must be dismissed because it does not contain any allegation to the effect that the parties to the exclusive distributorship agreement alleged therein had stipulated any specific length of time for the duration of the commercial relationship established thereunder, or for the termination of the same solely for justified cause, or for the necessity of advance notice of any kind by one party to the other in the event of the voluntary termination by either party of the relationship created under the agreement.

A careful scrutiny of the full text of the counterclaim confirms plaintiff's contention as to the lack of any allegation as to the duration of the exclusive distributorship agreement, or as to the termination of the same by either party only upon justified cause, or as to the necessity of advance notice by either party to the other in the event of the

Geigel, Silva & Pesquera, San Juan, P. R., for plaintiff.

Goldman, Antonetti & Subira, San Juan, P. R., for defendant.

### ORDER

CANCIO, Chief Judge.

This is an action under the provisions of Act #75, approved by the Legislative Assembly of the Commonwealth of Puerto Rico on June 24, 1964 (10 L.P.R.A. Sections 278–278d) to collect the sum of $150,000.00 as compensation for the damages that plaintiff alleges to have sustained as a result of the alleged cancellation by the defendant, without cause, of an agreement between them whereby the defendant granted to plaintiff the exclusive distribution in all the territory of Puerto Rico of certain commercial items manufactured by the defendant.

voluntary termination of the agreement by either party.

In fact, the only allegation of the counterclaim referring directly and specifically to the distributorship agreement between the parties is that embodied in paragraph 5. It is alleged therein, in substance, that "(O)n or about the year 1948, Smart Products, Inc. and Mr. Juan Castillo established commercial relations and Castillo was granted the exclusive distribution in all the territory of the Commonwealth of Puerto Rico of certain consumer products", and that "(F)rom that date on and up to March 9, 1968, Castillo represented Smart Products in the Commonwealth of Puerto Rico and made a substantial number of its sales directly through its organization in the Commonwealth of Puerto Rico".

In paragraph 6 the counterclaimant alleges that "(O)n or about January 5, 1968, Castillo, without cause or justification, indicated to Smart Products, Inc. that it considered the relationship terminated". In paragraph 11 the allegation is made that the counterclaimant sustained damages that "have been caused solely and exclusively by Mr. Juan Castillo's breach of the distributorship agreement with Smart Products and its surprising, unwarranted and uncalled for termination of the agreement without giving reasonable notice in advance to Smart Products, Inc.".

Those are the only allegations of the counterclaim referring directly to the distributorship agreement upon which both plaintiff and the defendant rely. It is evident from said allegations and from all the others contained in the counterclaim, that the parties to the exclusive distributorship agreement alleged therein did not stipulate any specific length of time for the duration of the same, or for the termination of the agreement only for justified cause, or for the necessity of notice in advance by either party to the other in the event of the voluntary termination of the agreement by either of them.

■ Obviously, if no specific length of time was stipulated for the duration of the distributorship agreement, the two parties to the same remained at liberty to rescind the agreement and bring to an end the commercial relationship established thereunder at any time that they might wish to do so. To construe the agreement as forbidding the parties to the same from bringing it to an end by the unilateral action of either one of them would be tantamount to compel the plaintiff and the defendant to maintain the agreement and to remain legally bound thereunder for an indefinite period of time, unless and until both parties should agree on the termination thereof.

Any such construction of the distributorship agreement must be rejected because it would run contrary to universally accepted principles of law that are rooted in the constitutional provision against involuntary servitude.

■ In view of the above, the Court finds and concludes that in bringing to an end on or about January 5, 1968 the commercial relationship with the defendant, as alleged in paragraph 6 of the counterclaim, plaintiff simply exercised a legal right he had.

The Court likewise finds and concludes that in rescinding the distributorship agreement without alleging cause or justification, and without any notice in advance to the defendant plaintiff did not incur in any breach of said agreement, which contained no provision on either of said two points.

The allegations of the counterclaim fail to establish any breach of contract on the part of plaintiff, or any violation of law by him. Accordingly, the motion to dismiss filed by plaintiff is granted.

It is therefore, ordered by the Court that the counterclaim by the defendant against plaintiff be and the same is hereby dismissed.